**FEDERAL TRADE COMMISSION,**
Plaintiff–Appellee,

v.

**AFFORDABLE MEDIA, LLC;**
et al., Defendants,

Denyse Lindaalyce Anderson; Michael
Anderson, Defendants–Appellants,

and

Walter K. Lawson, Applicant–in–
Intervention–Appellant.

No. 00–15644, 00–15730.
D.C. No. CV–98–669–LDG/RLH.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 30, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Denyse and Michael Anderson appeal pro se the district court's summary judgment holding them and their closely-held corporation, Financial Growth Consultants, LLC, liable for violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a) (1997), and the Commission's Telemarketing Sales Rule, 16 C.F.R. § 310.3(a)(2)(vi) (1995), in connection with the Andersons' telemarketing of fraudulent marketing opportunities. Walter K. Lawson appeals pro se the district court's order denying his motion to intervene. We have jurisdiction under 28 U.S.C. § 1291.

█ We review de novo a district court's grant of summary judgment. *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir.1997). We review de novo a district court's denial of a motion to intervene as of right. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir.1997). We affirm.

█ Because extensive evidence indicates that the Andersons were recklessly indifferent to the falsity of representations made to consumers prior to 1997, and that they gained actual knowledge of the fraudulent nature of the investment scheme by September 1997, the district court did not err in holding the Andersons liable for restitution. *See Publ'g Clearing House,* 104 F.3d at 1171.

Because this court affirmed many of the rulings upon which the Andersons rely in contending that the district court judge should have recused himself from the case, *FTC v. Affordable Media, LLC,* 179 F.3d 1228, 1235–1237, 1241–43 (9th Cir.1999), and because the Andersons' contentions are without factual support in the record, the district court judge did not abuse his discretion in declining to recuse himself. *See United States v. Wilkerson,* 208 F.3d 794, 797 (9th Cir.2000).

█ Because defendants have no right to the release of frozen assets for the payment of legal expenses, *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 629, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989), and because the Andersons violated the temporary restraining order and the preliminary injunction order when they refused to repatriate offshore assets, the district court did not abuse its discretion in limiting the release of frozen assets to compensate attorneys. *See CFTC v. Am. Metals Exch. Corp.,* 991 F.2d 71, 79–80 (9th Cir.1993) (limiting release of frozen funds proper where defendant's unfrozen funds were accessible and where defendant delayed production of financial records to the court).

█ Because Lawson's motion to intervene as of right was untimely, asserted no cognizable interest in the case, indicated no impairment of Lawson's interests if the judge denied the motion, and failed to prove that Lawson's putative interests

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

weren't adequately represented without intervention, the district court did not err in denying Lawson's motion to intervene as of right. *See League of United Latin Am. Citizens,* 131 F.3d at 1302.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.